ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 31 PM 1:09

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MELANIE HIGHSMITH,          )
                            )
     Plaintiff,             )
                            )
v.                          )    CASE NO.: CV506-99
                            )         (CV507-04)
ROBERT THOMAS, Individually )
and as Sheriff of Brantley  )
County, Georgia,            )
                            )
     Defendant.             )
                            )

## ORDER

Before the Court are Defendant Robert Thomas's Motion for Reconsideration (Doc. 13), Motion for Leave to Appeal (Doc. 13), and Motion to Dismiss (Doc. 17). For the reasons set forth below, these Motions are **DENIED**.

In this action, Plaintiff Melanie Highsmith filed a Complaint pursuant to 42 U.S.C. § 1983 against Sheriff Robert Thomas alleging denial of proper medical care during her detention at the Brantley County jail. Plaintiff claims that she suffered a heart attack at the jail, and that jail employees refused to allow emergency medical technicians to provide her with treatment.

First, Defendant asks this Court to reconsider its April 18, 2007 Order granting Plaintiff's Motion to Reinstate this civil action on the grounds of excusable neglect under Federal Rule of Civil Procedure 60(b). The Court found that there was

no undue prejudice to Defendant, only a minor delay in the proceedings, no additional burden on judicial resources, and no suggestion of bad faith on the part of Plaintiff or her counsel. Under these circumstances, it is within the discretion of this Court to provide relief from an "innocent oversight by counsel." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996). Therefore, the Court held that Plaintiff had demonstrated adequate grounds for relief under Rule 60(b).

In his Motion for Reconsideration, Defendant reasserts the same arguments that the Court considered when deciding this issue the first time. Because the Court has already carefully considered the arguments and authorities presented by Defendant, the Motion for Reconsideration is **DENIED**.

Second, Defendant asks this Court for leave to take an interlocutory appeal of this issue to the Eleventh Circuit Court of Appeals. A district court has discretion to allow an interlocutory appeal where "[1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion [and [3] where] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292. After careful consideration, the Court finds that interlocutory review is not appropriate in this action. Accordingly, the Motion for Leave to Appeal is **DENIED**.

Third, Defendant has moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. Defendant maintains that there is no allegation in the Complaint that he personally participated in any decision regarding Plaintiff's medical care. And it is well-established that supervisory officials are not liable under § 1983 on the basis of respondeat superior or vicarious liability. Monell v. Dep't of Social Servs., 436 U.S. 658, 691-693, 98 S. Ct. 2018, 56 L. Ed. 2d. 611 (1978).

In response to the Motion to Dismiss, Plaintiff has amended the Complaint to allege that Defendant established a policy at the jail under which he was the only person authorized to permit medical treatment for any inmate.[1] A § 1983 action may be premised on an allegation that a policy or practice of the department caused the violation of constitutional rights. E.g., Skop v. City of Atlanta, 485 F.3d 1130, 1145 (11th Cir. 2007). Accordingly, Defendant's Motion to Dismiss is **DENIED AS MOOT**. SO ORDERED this 31st day of August, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] On July 2, 2007, Judge James E. Graham entered an Order granting Plaintiff's unopposed Motion to Amend the Complaint.

3